UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOHAMAD HAMIE,

       Plaintiff,                      CIVIL CASE NO. 08-10761

v.                                   HON. MARIANNE O. BATTANI

PAUL D. KEISLER, et al.,

       Defendants.

_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

**I.    INTRODUCTION**

Before the Court is Defendants' Motion to Dismiss (Doc. # 10). Plaintiff Mohamad Hamie filed suit seeking a writ of mandamus compelling the United States Citizenship and Immigration Services ("USCIS") to adjudicate his pending Application to Adjust to Permanent Status, or Form I-485 ("application" or "Form I-485").

Pursuant to Federal Rules of Civil Procedures 12(b)(1) and 12(b)(6), Defendants move to dismiss Plaintiff's claim for lack of subject matter jurisdiction and/or failure to state a claim upon which relief can be granted. Plaintiff did not respond to the motion. For the reasons that follow, Defendants' Motion to Dismiss is **GRANTED**.

**II.    STATEMENT OF FACTS**

Plaintiff Mohamad Hamie is a citizen of Lebanon and resides in Dearborn, Michigan. On December 15, 2005, Plaintiff filed a Form I-485 application with USCIS, pursuant to § 245 of the Immigration & Nationality Act, 8 U.S.C. § 1255, seeking adjustment of his immigration

status to that of legal permanent resident. His Form I-485 application is still pending. On February 18, 2008, Plaintiff filed the instant action requesting that the Court compel adjudication of his Form I-485 application.

## III. STANDARD OF REVIEW

Defendants have moved for a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) and failure to state a claim under Rule 12(b)(6). The Court is required to consider the 12(b)(1) motion first, because the Rule 12(b)(6) motion becomes moot if the Court lacks subject matter jurisdiction. Moir v. Greater Cleveland Reg'l Transit. Auth., 895 F.2d 266, 269 (6th Cir. 1990).

The plaintiff has the burden of proving that subject matter jurisdiction exists. Id. To defeat a Rule 12(b)(1) motion, the plaintiff must "show that the complaint 'alleges a claim under federal law, and that the claim is substantial.'" Mich. S.R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n, Inc., 287 F.3d 568, 573 (6th Cir. 2002).

## IV. ANALYSIS

Plaintiff asserts subject matter jurisdiction on the basis of the Mandamus Act, 28 U.S.C. § 1361; the Federal Question Statute, 28 U.S.C. § 1331; the Declaratory Judgment Act, 28 U.S.C § 2201; the Administrative Procedure Act, 5 U.S.C § 701 *et. seq.* ("APA"); and the Immigration Services and Infrastructure Improvement Act, 8 U.S.C. § 1571.

The Supreme Court has held that the Declaratory Judgment Act does not provide an independent basis for subject matter jurisdiction. Skelly Oil v. Phillips Petroleum, 339 U.S. 667,

671-72 (1950). Further, 28 U.S.C. § 1331, the Federal Question Statute, does not provide an independent basis for subject matter jurisdiction; § 1331 merely grants district courts jurisdiction to adjudicate claims arising under federal laws and statutes. See Shen v. Chertoff, 494 F. Supp.2d 592, 594 (E.D. Mich. 2007). Finally, the provision relied upon by Plaintiff under the Immigration Services and Infrastructure Improvement Act (requiring action "not later than 180 days after the initial filing of the application") "amounts to no more than non-binding, legislative dicta." Carter v. Dep't of Homeland Sec., No. 07-12953, 2008 WL 205248 (E.D. Mich. 2008) (quoting Yang v. California Dep't of Soc. Servs., 183 F.3d 953, 961-62 (9th Cir.1999)).

As none of the Federal Question Statute, the Declaratory Judgment Act, and the Immigration Services and Infrastructure Improvement Act provides the Court with an independent basis for jurisdiction, Plaintiff may only establish subject matter jurisdiction on the grounds of the Mandamus Act or the APA.

### A. Mandamus Act

Mandamus jurisdiction under 28 U.S.C. § 1361 provides that "districts courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Skelly Oil, 339 U.S. at 671-72. Mandamus is a remedy "to be invoked only in extraordinary situations where the petitioner can show a clear and indisputable right to the relief sought." In re Parker, 49 F.3d 204, 206 (6th Cir. 1995). The Sixth Circuit has held that "mandamus jurisdiction is available only if . . . the defendant owes the plaintiff a 'clear nondiscretionary duty' that it has failed to perform." Your Home Visiting Nurse Svcs., Inc. v. HHS, 132 F.3d 1135, 1141 (6th Cir. 1997).

3

The Immigration and Nationality Act, 8 U.S.C. § 1255, vests in the Attorney General the authority to adjust an alien's immigration status to that of legal permanent resident. The statute outlines that adjustment of status is within the discretion of the Attorney General, reading in relevant part that an alien's status "may be adjusted by the Attorney General, in his discretion, and under such regulations as he may prescribe." 8 U.S.C. § 1255(a). The statute does not outline or proscribe an appropriate time period for which determinations of status adjustment are to be made. Shen, 494 F. Supp.2d at 595-6 (citing to other district court decisions supporting this proposition).

In the instant case, Defendants contend that all aspects of an alien's adjustment of status to legal permanent resident are within the discretion of the Attorney General and USCIS. The Courts of Appeals (including the Sixth Circuit) are silent and the District Courts are split as to whether the discretion granted by § 1255(a) applies to all aspects of the adjustment of status or only to the final determination of an alien's application for adjustment. A few district courts have adopted Plaintiff's position that the duty to process an application for adjustment within a reasonable timeframe is nondiscretionary. See Yu v. Brown, 36 F. Supp.2d 922, 931-32 (D.N.M 1999); Razaq v. Poulos, No. 06-2461, 2007 U.S. Dist. LEXIS 770, *9-10 (N.D. Cal. Jan. 8, 2007); Burni v. Frazier, NO. 06-5046, 2008 WL 639722, *5-9 (D. Minn. Mar. 05, 2008).

However, the vast majority of judges of this district have agreed with Defendants' position and concluded that the process and adjudication of a Form I-485 application is a discretionary function. See Oo v. Jenifer, No. 07-12030, 2008 WL 785924 (E.D. Mich. Mar. 20, 2008) (Steeh, J.); Carter, 2008 WL 205248 (E.D. Mich. Jan. 24, 2008) (Edmunds, J.); Korobkova v. Jenifer, No. 07-11335, 2007 WL 3245178 (E.D. Mich. Nov. 2, 2007) (Gadola, J.);

Yazbek v. Chertoff, No. 07-12566, 2007 WL 2875462 (E.D. Mich. Oct.1, 2007) (Zatkoff, J.); Azadegan v. Chertoff, No. 07-11238, 2007 WL 2822783 (E.D. Mich. Sept.27, 2007) (Borman, J.); Kuchumov v. Chertoff, No. 07-12277, 2007 WL 2782045 (E.D. Mich. Sept. 24, 2007) (Duggan, J.); Chehab v. Chertoff, No. 07-11068, 2007 WL 2372356 (E.D. Mich. Aug.17, 2007) (O'Meara, J.); Khan v. Chertoff, No. 07-10527 (E.D. Mich. July 26, 2007) (Ludington, J.) (unpublished); Kiromi v. United States Citizenship and Immigration Serv., No. 07-10446 (E.D. Mich. July 13, 2007) (Cook, J.); Shen, 494 F.Supp.2d at 595 (Friedman, J.). But see Obeid v. Chertoff, No. 07-10937, 2008 WL 795838 (E.D. Mich. Mar. 26, 2008) (Tarnow, J.) (holding that the district court has jurisdiction over such claims and that FBI "has a mandatory duty, by implication, to complete the background check that Plaintiff needs for his I-485 application to be processed").

The Court is not persuaded by Plaintiff's argument and joins the majority of the bench in finding that the duty to process I-485 applications is a discretionary function of USCIS and the Attorney General. The plain language of 8 U.S.C. § 1255(a) indicates that an alien's status "may be adjusted by the Attorney General, in his discretion." 8 U.S.C. § 1255(a). The plain language of the statute, and the legislative intent it reflects, make it clear that the power to adjust an alien's status is discretionary.

In addition, the lack of a mandatory timeframe in which to adjust an alien's status is further evidence that this function is discretionary. It has been held that § 1255(a)'s lack of a mandatory timeframe "is consistent with, and confirmatory of, Congress' intent to confer on USCIS discretion over not just the adjustment of status decision, but also the process employed to reach that result, and to exclude from judicial review the exercise of all that discretion."

5

Safadi v. Howard, 466 F. Supp. 2d 696, 699 (E.D. Va. 2006). The Court agrees with this analysis, and finds that the Court lacks subject matter jurisdiction under the Mandamus Act, as Plaintiff has not established a nondiscretionary duty on the part of the Defendants to act on his application.

### B. Administrative Procedure Act (APA)

The APA provides that a court may "compel agency action that is unreasonably delayed or withheld." 5 U.S.C. § 706. Pursuant to the APA, "when an agency is compelled by law to act within a certain time period . . . a court can compel the agency to act." Norton v. South Utah Wilderness Alliance, 542 U.S. 55, 65 (2004). However, under the APA, a plaintiff cannot seek to compel "agency action [that] is committed to agency discretion by law." 5 U.S.C. § 701(a)(2).

Here, Plaintiff cannot seek to compel agency action under the APA. As discussed above, adjustment of Plaintiff's status is a discretionary function of USCIS and the Attorney General. The delay in the FBI's processing of an alien's name check has been held to "lie[] within the sphere of Defendants' discretion." Xu v. Chertoff, No. 06-15398, 2007 WL 2221401, *3 (E.D. Mich. July 31, 2007) (Steeh, J.). Therefore, § 701(a)(2) precludes judicial review of an I-485 application.

Furthermore, Plaintiff failed to set forth any material facts indicating that the Defendants have unreasonably delayed action on Plaintiff's application under 5 U.S.C. § 706(1), which would be remediable under the APA. The FBI is currently processing Plaintiff's name check and USCIS responded to Plaintiff's spouse's petition. Thus, absent an established timeframe for review under 8 U.S.C. § 1255(a), the Court lacks the power under the APA to force Defendants

to complete Plaintiff's application.

Under the APA, the Court cannot compel USCIS to complete the application without a name check by the FBI, and therefore the Plaintiff cannot establish subject matter jurisdiction on this claim either.

**V. CONCLUSION**

Plaintiff has failed to establish grounds for subject matter jurisdiction under the Mandamus Statute or the APA. For the reasons stated above, the Court **GRANTS** Defendants' Motion to Dismiss. **IT IS SO ORDERED.**

s/Marianne O. Battani
HON. MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

Dated: July 2, 2008

**CERTIFICATE OF SERVICE**

Copies of this Order were served upon counsel of record on this date by ordinary mail and/or electronic filing.

s/Bernadette M. Thebolt

DEPUTY CLERK